## EGOZCUE *v.* BELAVAL.

### APPEAL from the District Court of Ponce.

No. 75.—Decided February 27, 1904.

PERSONAL ACTION—MIXED ACTION.—An action for the recovery of losses and damages caused to urban real property is personal, and in order to convert it into a mixed action it is necessary that the claim be extended to the recovery of the property itself, in which case the action partakes of the double character of real and personal.

ID.—JURISDICTION.—Except in cases of express and implied submission in per-

ejerciten acciones personales es Juez competente el del lugar en que deba cumplirse la obligación, y á falta de éste, el demandante puede elegir el del domicilio del demandado ó el del lugar del contrato, si el demandado se hallare en él, aunque accidentalmente y pudiera ser emplazado.

## EXPOSICIÓN DEL CASO.

En la competencia pendiente ante *nos,* en virtud de recurso de casación por infracción de ley, interpuesto por la representación de Don José Sastraño Belaval, en diligencias sobre requerimiento de inhibitoria, que promoviera ante el Tribunal de Distrito de Ponce, en el juicio declarativo que le sigue, ante el de igual clase de San Juan, Don Manuel Egozcue y Cintrón, sobre indemnización de daños y perjuicios; habiendo comparecido ante este Tribunal Supremo, la representación de la parte apelante y de la recurrida.

*Resultando* : que, con escrito de fecha veinte de Junio de mil novecientos dos, acudió al Tribunal de Distrito de San Juan, Don Manuel Egozcue y Cintrón, vecino de esta Capital, demandando en juicio declarativo á Don José Sastraño Belaval, vecino de Ponce, para que le pagase la cantidad de dos mil dollars, en concepto de indemnización de los daños y perjuicios que le causara en las casas de su propiedad, con motivo de reconstruir, el demandado, una casa contígua á aquéllas, sin que hasta ahora le haya indemnizado de dichos daños y perjuicios, ascendentes á la referida cantidad de dos mil dollars, á cuyo pago, con las costas, suplicó que se le condenase; expidiéndose cédula de emplazamiento para la citación y emplazamiento de aquél.

*Resultando* : que, citado y emplazado Don José Sastraño Belaval para que en el término de veinte días compareciese y contestase la demanda, acudió á la Corte de Distrito de Ponce, pidiéndole que dirigiera requerimiento de inhibición al de San Juan, pues en la demanda se ejercitaba una acción personal, y aquella ciudad era el domicilio del exponente; que citó la regla primera del Artículo 62 de la Ley de Enjui-

sonal actions, the competent judge shall be that of the place where the obligation is to be performed, and, in his absence, that of the domicile of the defendant or of the place of the contract, if said defendant be found there, even accidentally, and the process can be served upon him.

## STATEMENT OF THE CASE.

This is a question of jurisdiction pending before us on appeal in cassation for error of law taken by counsel for José Sastraño Belaval, in inhibition proceedings instituted by him in the District Court of Ponce in connection with the declaratory action brought against him in the District Court of San Juan by Manuel Egozcue y Cintrón for the recovery of damages, both the appellant and respondent having appeared before this Supreme Court.

On June 20, 1902, Manuel Egozcue y Cintrón, of this city, instituted a declaratory action in the District Court of San Juan against José Sastraño Belaval, of Ponce, for the recovery of the sum of two thousand dollars as losses and damages caused to houses of the former by the re-construction by the defendant of a house contiguous thereto, without heretofore having been compensated for said losses and damages, amounting to said sum of two thousand dollars, to the payment of which, with costs, he asked that the defendant should be condemned, a summons to be issued citing the defendant to appear.

José Sastraño Belaval having been summoned to appear within twenty days to answer the complaint, he applied to the District Court of Ponce for a writ forbidding the San Juan court from taking cognizance of the case, inasmuch as in the complaint it was sought to maintain a personal action and that city was the domicile of the petitioner; he cited rule 1 of article 62 of the Law of Civil Procedure, according to

ciamiento Civil, con arreglo al cual el pago ha de ejecutarse en el lugar designado en la obligación, ó en otro caso, en el del domicilio del deudor, no existiendo en el presente la designación á que se refiere dicho artículo.

*Resultando* : que, estando conforme el Fiscal con la procedencia del requerimiento, lo acordó el Tribunal por auto de 21 de Julio de 1902, por considerar que, tratándose en la demanda establecida por Don Manuel Egozcue, contra Don José Sastraño Belaval, del ejercicio de una acción de carácter puramente personal, y teniendo el demandado su vecindad en Ponce, y no habiéndose sometido en dicho asunto, á jurisdicción extraña, era competente el Tribunal del Distrito de Ponce para conocer de él.

*Resultando* : que, el actor se opuso á la inhibición, exponiendo que, siendo el objeto del juicio, obtener el pago como indemnización de daños y perjuicios causados en fincas urbanas de su propiedad, radicadas en la Capital, y habiéndose declarado por diversas resoluciones, entre ellas, las sentencias del Tribunal Supremo de España, de 31 de Marzo, 5 de Mayo y 15 de Diciembre de 1869, que esta clase de demandas, por su naturaleza, participan del doble carácter de real y personal, viniendo á ser, por tanto, una acción mixta, la que ejercitaba, y era claro que era potestativo del demandante elegir el Tribunal del demandado, ó el del lugar donde se hallaban las cosas sobre que versaba la controversia, según lo disponía la regla 4a. del Artículo 62 de la Ley de Enjuiciamiento Civil; haciendo referencia á varias cartas, que dice haber recibido del Señor Belaval, en las que éste le ofreció venir á San Juan, para reparar aquí—ya indemnizando, ya haciendo las obras de reparación necesarias—los perjuicios que reconocía haber causado, con lo cuál (según dice él) queda demostrado que en San Juan, y no en Ponce, debe repararse el perjuicio; y haciendo finalmente varias citas de sentencias del Tribunal Supremo de España, en apoyo de esta pretensión.

which the payment must be made at the place where the obligation is to be performed, or otherwise at the domicile of the debtor, the designation referred to in said article not existing in the present case.

The *Fiscal* being of the opinion that the process in question was properly availed of, the court, on July 21, 1902, issued a writ of inhibition on the ground that inasmuch as the complaint brought by Egozcue against Belaval involved the maintenance of an action of a purely personal character and the defendant being a resident of Ponce, and not having submitted himself in said matter to any other foreign jurisdiction, the District Court of Ponce was the one competent to take cognizance thereof.

Said inhibition was opposed by plaintiff, who alleged that the object of the suit was to recover indemnity for damages caused to urban real property belonging to him, situated in this city, and it having been declared in various decisions, among these the decisions of March 31, May 5 and December 15, 1869, rendered by the Supreme Court of Spain, that suits of this kind, from their nature, partook of the double character of real and personal, the one sought to be maintained by him was, therefore, a mixed action, and that it was clearly optional with the plaintiff to elect either the court of the domicile of the defendant, or the one of the place where the thing in controversy is situated, as provided by rule 4, article 62, of the Law of Civil Procedure. Plaintiff referred to several letters claimed to have been received by him from Belaval, in which the latter promised to come to San Juan for the purpose of repairing, either by indemnity or performing the necessary work of repair, the damages he admits having caused, thus showing (according to him) that the damages should be repaired in San Juan, and not in Ponce, and he closed by citing several decisions of the Supreme Court of Spain in support of his claim.

*Resultando*: que el Tribunal de Distrito de San Juan, oido el Fiscal, que emitió dictámen de conformidad con lo solicitado por 'el demandante, sostuvo su competencia por auto de 30 de Agosto de 1902, fundado en los Artículos 62, 90, 93 y 94 de la Ley de Enjuiciamiento Civil, y la Jurisprudencia del Tribunal Supremo de España; y en que la obligación que se exigía había nacido en San Juan, por ser éste el lugar en donde se habían causado los .daños y perjuicios, objeto de la reclamación, y que allí debía cumplirse dicha obligación.

*Resultando*: que comunicada esta resolución al Tribunal requirente, éste por auto de 18 de Septiembre de 1902, desistió de la inhibitoria propuesta, considerando para ello, què, desprendiéndose de las actuaciones practicadas en el expediente de referencia, que la obligación ejercitada en los autos, objeto de la cuestión que se ventilaba, había nacido en la ciudad de San Juan, por virtud de daños y perjuicios, era de aceptarse la competencia del Tribunal de aquél Distrito para el conocimiento de la demanda, respetando así la disposición del Artículo 62, regla 1ª de la Ley de Enjuiciamiento Civil.

*Resultando*: que contra el citado auto, se ha interpuesto por la representación de Don José Sastraño Belaval, recurso de casación, hoy de apelación, por infracción de ley, que le fué admitido por el Tribunal de Distrito de Ponce, por auto de 28 de Octubre de 1902.

*Resultando*: que, entablada así la presente cuestión de competencia, la Corte de Distrito de Ponce. admitió la apelación y elevó las actuaciones, para la resolución correspondiente, á este Tribunal Supremo, en el que se ha dado á los autos la debida tramitación, oyendo al Fiscal.

Abogado del apelante: *Sr. Acuña* (Eduardo).

Abogado del apelado: *Sr. Alarez Nava.*

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que si bien la obligación que se reclama en

The District Court of San Juan, after hearing the *Fiscal,* who made a report in conformity with the claim of the plaintiff, maintained its jurisdiction in the premises in an order of August 30, 1902, based on articles 62, 90, 93 and 94 of the Law of Civil Procedure and the decisions of the Supreme Court of Spain; and on the fact that the obligation claimed had originated in San Juan, the latter being the place where the damages sought to be recovered had been caused, and that it was there that the obligation should be performed.

This decision having been communicated to the Ponce court, the latter, by an order of September 18, 1902, desisted from the proposed inhibition, on the ground that inasmuch as it appeared from the proceedings in question that the obligation involved in the case had originated in San Juan by reason of losses and damages, the jurisdiction of the District Court of San Juan to take cognizance of the case should be accepted according to the provisions of rule 1, article 62, of the Law of Civil Procedure.

From this order counsel for José Sastraño Belaval entered an appeal in cassation, now ordinary appeal, for violation of law, which appeal was allowed by the District Court of Ponce in an order of October 28, 1902.

The present question of competency being thus raised, the District Court of Ponce allowed the appeal and forwarded the record to this Supreme Court for the proper decision, which appeal has been conducted under the appropriate procedure after hearing the *Fiscal.*

*Mr. Acuña (Eduardo),* for appellant.

*Mr. Alvarez Nava,* for respondent.

MR. JUSTICE MACLEARY, after making the above statement of facts, rendered the opinion of the court.

Although the obligation sought to be enforced in the com-

la demanda de que se trata, nace de daños y perjuicios causados en fincas urbanas, y, por lo tanto, en bienes raíces, no por eso la acción que se ejercita en dicha demanda, deja de ser de carácter puramente personal; y puesto que para que fuera mixta, como pretende el demandante, sería necesario que dicha demanda hubiese sido entablada, no solamente para la reclamación de los daños y perjuicios causados en dichas fincas urbanas, sino también para la recuperación de esas mismas fincas; pués sólo así, la acción que se ejercita, tendría el doble carácter de real y personal, y, por lo tanto, de mixta, según la definición que del término "acción mixta", dan los bien conocidos Diccionarios de Leyes de Bouvier y de Black.

*Considerando*: que según las definiciones de los lexicógrafos y la jurisprudencia de España y de América, se verá que, aunque la reclamación de daños y perjuicios puede originarse de un daño causado á bienes raíces, esto no convierte la demanda entablada con tal motivo en una demanda mixta; una demanda mixta hablando estrictamente, siendo una combinación de una reclamación real y otra personal, en un mismo proceso, y la distinción se refiere más bien á la forma que no al orígen del litigio.

*Considerando*: que en el apartado 1º. del Artículo 62 de la Ley de Enjuiciamiento Civil, se dispone que en los juicios, en que se ejercitan acciones personales, es juez competente el del lugar en que deba cumplirse la obligación, y á falta de éste, á elección del demandante, el del dómicilio del demandado, ó el del lugar del contrato, si hallándose en él, aunque accidentalmente pudiera hacerse el emplazamiento.

*Considerando*: que en el presente caso, no hay cuestión de contrato, y que con tal motivo, queda eliminada esa fase, de la aplicación de la ley de referencia; y la acción, siendo puramente personal y quedando entonces el domicilio del demandado como el lugar en donde debe entablarse esta demanda, conforme á lo prevenido en el Artículo 1171 del

plaint in question arises from damages caused to city prop-
erty, and, therefore, to real estate, the action instituted is none:
the less a purely personal action; and in order to impart to
it the character of a mixed action, as claimed by the plaintiff,
it would have been necessary to have brought the complaint,
not only for the recovery of damages caused to said real
property, but also for the recovery of the property itself; for
thus only would the action maintained have the double char-
acter of real and personal and, therefore, that of a mixed
action, according to the definition of the term "mixed action,"
given by the well-known law dictionaries of Bouvier and
Black.

According to the definitions of lexicographers and the
jurisprudence of Spain and of the United States, it will be
seen that although the claim for losses and damages may
arise from an injury caused to real estate, this does not con-
vert the action instituted for said purpose into a mixed ac-
tion, a mixed action, strictly speaking, being a combination of
a real and personal claim in the same proceeding, and the
distinction refers rather to the form than to the origin of the
litigation.

By paragraph 1, article 62, of the Law of Civil Procedure,
it is provided that in personal actions the competent judge
shall be that of the place where the obligation is to be per-
formed, and should none have been designated, that of the
domicile of the defendant or of the place of the contract,
at the election of the plaintiff, if said defendant be found
there, even accidentally, and process can be served upon him.

In the present case, there is no question of a contract, and,
therefore, this phase is eliminated from the application of the
above-mentioned law; and the action being purely a personal
one, the domicile of the defendant is the place where this suit
should be brought, as provided by article 1171 of the Civil
Code, and rule 1, article 62, of the Law of Civil Procedure.

Código Civil, y la regla 1ª. del Artículo 62 de la Ley de Enjuiciamiento Civil.

*Considerando* : que el demandado tiene su domicilio en la ciudad de Ponce, y que consta en los autos, que no se ha sometido en dicho asunto á jurisdicción extraña.

*Fallamos* : que debemos declarar y declaramos corresponder el conocimiento de la mencionada demanda, formulada por Don Manuel Egozcue y Cintrón, á la Corte de Distrito de Ponce, á la que, con la oportuna certificación, se remitan, á los efectos procedentes, todas las actuaciones elevadas á este Tribunal Supremo, con motivo de la presente competencia; comunicándose esta resolución á la Corte de Distrito de San Juan, y siendo las costas de cuenta respectiva de las partes.

Jueces concurrentes : Sres. Presidente Quiñones, y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

## EL PUEBLO *v.* LOPEZ.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 46.—Resuelto en Febrero 27, 1904.

PLIEGO DE EXCEPCIONES.—ACTA DEL JUICIO.—Si no se hubiere presentado pliego de excepciones y el acta del juicio apareciere en los autos firmada por todos los Jueces que intervinieron en el juicio, por el Fiscal y por el Letrado defensor del reo, y contuviere las declaraciones testificales y demás pruebas practicadas en el juicio, dicha acta es un documento fehaciente que puede servir de base para discutir los fundamentos de una apelación.

EXTORSION.—FUNCIONARIO PUBLICO.—Un funcionario publico que valiéndose de su capacidad oficial, sacare dinero á otra persona por medio de amenaza que al efecto le hiciere de denunciarle por la supuesta comisión de un delito, es culpable de extorsión.

SENTENCIA.—ACUSADO.—Las advertencias á que se refiere el Artículo 318 del Código de Enjuiciamiento Criminal deberán hacerse al acusado antes del pronunciamiento de la sentencia.

Defendant has his domicile in the city of Ponce, and as it appears from the record that he has not submitted himself in said matter to any other jurisdiction, we adjudge that we should declare and do declare that the District Court of Ponce is the one having competent jurisdiction to take cognizance of the aforesaid complaint presented by Manuel Egozcue Cintrón.

The records sent up to this Supreme Court with reference to the present question of competency are ordered to be forwarded to aforesaid district court, together with the proper certificate, this decision being likewise directed to be communicated to the District Court of San Juan, and costs to be apportioned between the parties.

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.